Please be seated. I will, um, hear first from Mr. Williams. Good morning, your honors, and may it please the court. Chadrick Fulks and Brandon Basham have convictions under 924C and 924O that are invalid. Now, there are two potential crime of violence predicate offenses that could form the basis for those 924 convictions. Are you representing Mr. Fulks or Mr. Basham or both? I am representing Mr. Fulks. However, I'm presenting argument on behalf of both Mr. Fulks and Mr. Basham. And your honors, those two potential predicates are carjacking and kidnapping. Now, neither carjacking nor kidnapping satisfies the force or elements clause of 924C. So neither can be valid predicate offenses for the 924 convictions for either. We had a decision in Draven that said that carjacking didn't meet the force element. And, your honor, I think there are other decisions. Draven relies on Evans, and Evans is the court's precedent that Draven relies on, that I believe Runyon also relies on. And that precedent has been rendered invalid by the advent of Borden and the advent of Taylor from the United States. Wait, Draven came after this, right? It did, but Draven imported, meaning relied on Evans and relied on Evans' binding. And we believe that neither Draven and certainly not Evans has dealt with the challenge that we make to Evans under Borden and the challenge that we make... So, in your view, Draven is simply wrong? In my view, your honor, well, clearly we believe that Draven is wrong, but also that Draven relies on a precedent that has been invalidated by intervening Supreme Court precedent. What happens if we disagree with you? Well, if the court disagrees with us, then that doesn't end the defendant's request for relief. If the court disagrees with us and believes that Evans remains valid and Evans and Draven are binding, then Mr. Folks and Mr. Basham are still entitled to relief. And the reason for that is that in both defendants' cases, and they're slightly different situations... The threshold question here is that Taylor dealt purely with attempt. Taylor did not deal with a completed carjacking. And that being the case, Evans and Dayton would remain good law because we don't likely presume that circuit law has been overturned. Well, and Judge Wilkinson, I think that Taylor undermines Evans for a number of reasons. The fact that it found that an attempted taking or an attempted threat to take is not a crime of violence under the elements clause does undermine Evans because there is an attempt clause in the carjacking statute. And I mean that common law attempts and completed crimes are treated differently. Well, and I would agree with the court that they are treated differently at common law, but in the carjacking statute... When you come to this statute, attempt is set off by commas and everything, which would further underscore that the common law concept was carried forward. And, Your Honor, I would respectfully disagree with you. I believe that while there certainly are commas there in the statute, this court has found... And I believe the example we gave was United States v. Royal where there was an indivisible statute where the clause in question... Where the government argued that the divisible clause in question was set off by commas. And this court still found that it was an indivisible statute. And so even if the court... Even if Taylor focused solely on attempt and an attempted threat, that doesn't... And all attempt... I mean, a completed crime requires at the time that the crime be complete. And attempt simply has as an element a substantial step to the completion of a crime. And those are not the same things. Those are different. Those are different offenses. And they're sentenced differently. And it would be an odd holding of our court to say, oh, there's no difference between an attempted crime and a completed crime. I mean, I just can't believe it. Well, and Judge Wilkinson, our point is that it's a statute-by-statute analysis. And to take the court's point about their sentence differently... And so I said, okay, but the statute... We shouldn't presume that the statute is in contrary to common law. And especially when the word attempt is set off by itself in commas. And you have the way the statute is written. And you have the tradition of common law. And you have the different elements. And you have Evans and Drayton in our circuit. And you're up against an awful lot on three or four fronts. And, Your Honor, we don't think that we're up against an awful lot on three or four fronts. And our point is that it's got to be a statute by... No, I don't expect you to agree with me on anything. Well, hopefully we would agree on a grant of relief. But the statute is... Our point is that it's a statute-by-statute analysis. And in this scenario... That's what I was trying to do. Yes. And in this scenario, the court mentioned different penalties. Attempt, carjacking by attempt versus carjacking by actual taking. That's the same penalty. That's the point that I don't think is undisputed. It can be concurrent sentences or it can be the same penalty. But that doesn't mean that they're the very same crime. That's not the sole test. Well, and, Your Honor, I think our point is that it's a number of elements. And the commas don't do it. And that's under United States v. Royal. You know, the fact that there are... They might not do it, but they might help. You have to look at it in context. Well, I believe you do have to look at the context, Your Honor. And the context of this statute is that section where the attempt clause exists in is force and violence or intimidation or by attempt. And this court has found that those force and violence or intimidation, that those are two means. And so it would not make sense for those two things to be two means of committing the same element and then for Congress to add on a separate element as opposed to just adding... Look at all this in an isolated situation. These guys are on a crime wave of the worst order. And they carjacked this woman to Conway, South Carolina. They kidnapped her at the same time. They took her into North Carolina. They raped her. And that was just part of what their crime wave was. It started in Kentucky and then went to Indiana and went to West Virginia where they killed a woman and then went to South Carolina. Then they pulled this off. Then they went back to West Virginia and Kentucky and Ohio and Indiana. I'm a little bit familiar with the facts of this thing. I had Mr. Folk's case 20 years ago. And Judge King, my response would be, and this is not... The facts are terrible. And I admire you, what you're doing. I mean, you're a fine lawyer and I know you're into it now. And I really admire what you do. And I appreciate you. But it's an uphill grind. About a better one. Judge King has summarized it better than I could. But I've never seen a case like this where the facts jump out at you. And, you know, to think of these different women that were... What it must have been like for them to have been carjacked and taken into the woods and raped and murdered. And then we're supposed to sit here and say that there was no predicate crime of violence? I mean, at some point, reality has to break through. And we need to connect with what's actually happened here. And I understand that the categorical approach says, oh, you shouldn't look at all that. But it's impossible not to look at it. It is impossible not to let the reality and the horror that was visited upon woman after woman after woman going through the most frightening experience that anyone in this courtroom could even imagine. And then we are asked by an able lawyer to say, oh, all this is not a predicate crime of violence. There's no violence. There's no violence here. I mean, how far have we wrapped ourselves in our own little cocoons and taken leave of the reality that the jury understood? That's why in Mr. Basham's case, I realize Mr. Folks pleaded guilty, but that's why in Mr. Basham's case, the jury understood exactly what Judge King and I have been talking about. We're supposed to look at it in isolation. That's what your argument needs to be. And the question is whether under the law we're entitled to do that or required to do that. And I think Judge Anderson, who presided over the only trial, the one that Basham had, but he presided over the guilty pleas too, as I recall, of Folks. And he handled these collateral proceedings, and he's a very careful judge, studious judge. And he wrote an opinion that you say is flawed. And you need to say it's flawed. But I thought it's a good argument to be made that Mr. Booth is going to make that Judge Anderson was right. And so Judge Wilkinson and Judge King, to both of your points about the facts of the case, and Judge King, to answer your question, I think the court, and I'm not trying to minimize the seriousness of these crimes, but the court is not permitted to look at the facts when embarking on a categorical examination. So, you know, respectfully, I say that. Well, if it's divisible, we are, aren't we? Well, it's divisible. The court is permitted to look at the underlying Shepard documents to determine. It says we can take a peek. Yes. And what's a peek? A peek here, I mean, but, yeah, I know what you're saying. Well, one of the things that we, like Judge Anderson, I saw a lot of this 20 years ago. And I'm from West Virginia, and I remember the event up there. This was a young 19-year-old co-ed from Marshall University. And her body was never found, even though folks tried to help him find the body, to his credit. Supposedly, he helped him find the body along the Ohio River there somewhere next to Huntington, but they were unsuccessful. And so, I'm sorry, Judge Agee, you had a question. One of the things that we do look at in trying to make these calls is how is the crime charged? How is it instructed? And if I'm remembering the record correctly, either the district court found or the government argued or both that they could find no instance, and you tell me if you have one, where these two crimes, attempt and carjacking, completed carjacking, are charged together. They're always charged individually, and they're instructed that way. And that's an indicia that you have two separate crimes. Do you have a case where there's a joint instruction? And yes, Your Honor, we provided those in our initial brief. We cited them in our initial brief. Example of jury instructions where the jury was not required to agree on whether it was attempt, carjacking by attempt, or carjacking by actual taking. And we also proffered the model jury instructions from the District of South Carolina, where, again, the jury is not required to agree on whether or not it's attempt, carjacking by attempt. How about the government rejoined that that instruction had never been used that they could find? Well, and then we provided examples that we have cited. All the examples aren't in the District of South Carolina, but they are examples to answer the court's question. And that's the issue that's dispositive. Where in your brief do we find this? So, Your Honor, I will check, and I can have that page cite for you by the time I circle back around on reply. And I'd also add, I see that I only have 10 seconds left on my time. So, even if the court doesn't agree with us on divisibility, we would still submit that carjacking is not a crime of violence because it doesn't have the requisite mens rea. And I'm sorry, I'm in the red. Could I just, may I be permitted to finish my sentence or comment? All right. Thank you, sir. You've got some rebuttal time. Okay, thank you, Your Honor. Mr. Booth. May it please the court. Carjacking under 2001-19 is a crime of violence because it is divisible into completed carjacking and attempted carjacking. Attempted carjacking is a distinct offense, not a method of committing carjacking. Can you lower the microphone? I'm sorry. Can you hear me now, Judge Wilkinson? Perfect. The reason is that at common law, an attempt offense was a distinct offense. And under the Supreme Court's decision in Castleman, Congress presumably adopts the common law definition of an offense in its statutes. Fultz and Basham have not offered any real reason to overcome that presumption. Second, under the Supreme Court's law in Taylor and in this court's precedence in Pratt and other cases, another court of appeals opinions, an attempt is distinct from a completed offense because it requires two elements that are not found in a completed offense, a substantial step to commit the offense and specific intent. That's further indication that there is no rebuttal of the presumption that Congress intended to adopt the common law definition of carjacking. Three, the standard jury instructions that are used in the federal courts tend to separate the two. And in fact, as I cited in my brief, the standard jury instructions generally have a separate section of jury instructions on attempt. And fourth, attempt is separated from the other offense by the word or. And in the all read case of this court, an opinion written by you, Judge Wilkinson, indicated that the presence of the word or, while not conclusive, is nevertheless some indication that the two of the offense before or and the offense after or are separate offenses. And then finally, disjunctive. Again, the courts write that they are not that's not the most conclusive test. But we submit really in our view, the conclusive test in our favor is that the common law version is that attempt was different and that Congress presumably adopts the common law definition of offense statute. Nothing the defense has shown can show that that presumption has been overcome. Let me turn then to the second issue, if there are no further questions on the first, as to whether or not the Evans decision which upheld section 2119 as a crime of violence has been overturned by Taylor, which rejected the realistic probability test in defining crimes of violence. In the recent decision in this court. Didn't Mr. Fuchs plead guilty to carjacking? He did. And that goes to our third argument as a second argument as to why that in the event that the kidnapping offense is an invalid predicate. Doesn't that go to plead guilty to carjacking? It goes to the question of the completed crime. And it also goes to the fact that this was not kidnapping. That is that is correct. Judge Wilkins, that also goes into the argument they have made that even assuming that kidnapping is not a crime of violence, you can't rely on on the carjacking offense here. The reason is, is that, well, I will come back to that in a second. But the point is he did plead guilty to carjacking, which shows that he did not plead to kidnapping alone under this court's decision in Draven, under this court's decision in Tipton. But I did want to go back one for a second here is to show why Evans has not been overruled by Taylor. That's because this court's recent decision in Green rejected an argument that a decision of this court that had upheld an offense as a predicate was invalid because it had relied on a previous Fourth Circuit decision that had upheld the same offense using the improper realistic probability test, where the most recent decision did not use the realistic probability test in its decision. Well, in the Evans case, while it cited the court's previous decision in McNeil, did not use a realistic probability test at all. And so we would submit that under Green, Evans has not been overturned by Taylor. And if I can add one little point, the only reference to the sort of realistic probability test that was done in McNeil was a rejection of a defendant's argument that the use of poison didn't constitute a use of force. Well, it turns out that in the Castleman case, the Supreme Court also rejected an argument that the use of poison was not a use of force. But it did not use a realistic probability test at all, which indicates the court in McNeil could have rejected that argument about poison without using a realistic probability test at all. And, in fact, some cases after Taylor have found that there can be intimidation without using a realistic probability test. So, therefore, we don't think that Evans has been overruled by Taylor at all. We also don't think that carjacking has been overruled by Borden. Borden held that a crime that was defined by a reckless mens rea is not a crime of violence. When you say carjacking, you mean either Evans or Draven was not overruled by Borden. Well, neither Evans nor Draven. I think also there are subsequent cases that have cited, I believe, the, what was it, the Runyon case. I mean, this court has repeatedly upheld Evans, and none of those cases rely at all or even mention the realistic probability test. If you're going to have a carjacking offense, there's got to be some threat or intimidation. And that takes you right into the language of the elements clause. That is correct, and with respect to intimidation, that part hasn't been overturned. Carjacking hasn't been overturned by Borden because this court, I believe, also in McNeil indicated that the defendant has to know that his conduct is there's no question of negligence here. Looking at the facts that we can look under Shepard and the modified categorical approach and the nature of the offense of conviction, there's no negligence here or recklessness here. I think this was a deliberate, knowing, intelligent attempt to visit an unprecedented amount of cruelty upon the victims, and that's not reckless. That's intentional, if anything is. Right. For purposes of the categorical approach, we look always at the elements of the statute, and there's nothing, there is no part of the statute that has a reckless element to it at all. Remember, in Borden, the Supreme Court was considering a Tennessee statute that had an express recklessness element to it. Nothing in Borden, nothing in carjacking has a recklessness element whatsoever. I mean, there's a specific intent element. There's an intimidation element. And this court's decisions and courts from other circuits have held that there's no recklessness part at all. Again, with respect to intimidation, this court said in McNeil it has to be knowing. So we don't believe that carjacking has been overruled by Borden. If I could go to the second issue, the defendant's 924J convictions were properly based on a carjacking predicate. And the reason is is that on collateral attack, when a section 924C offense is based on a valid and then invalid predicate, the defendant has the burden to show more than a reasonable possibility that the jury relied only on the invalid predicate. That would be the kidnapping, which we have conceded is not a crime of violence. But he can't show that here for two reasons. First, both defendants were independently convicted of substantive count carjacking in count one. So that shows that the jury did not rely at all on the kidnapping offenses, the predicate, and the 924C offenses. Second. Kidnapping and carjacking here were basically inextricably intertwined when you come to the facts, weren't they? Well, that is also part of the test to determine whether or not the jury relied solely on kidnapping. The test in this court, in Draven, in Said, and again in the Tipton case, is that if the two offenses are inextricably intertwined, that shows that the jury didn't necessarily find the invalid predicate only. And not only do we have this as a matter of fact, but the jury's special verdict form at the death penalty proceedings specifically found that the carjacking was committed during a kidnapping, which shows that the offenses were factually intertwined, which defeats the defendant's claim. The defendants have relied on Runyon to say that the court's decision in Draven and Tipton are probably incorrect. Is it permissible to look at the evidence before the jury? Pardon me? Is it permissible to look at what the evidence was before the jury in the Basham case? Well, it is important for purposes, again, in determining whether or not the crime, the 924C, which is based on a valid predicate and an invalid predicate, this court and other courts have said that we can look at whether or not the two offenses were inextricably intertwined, which is some review of the evidence that was presented at trial. So there is... So for the false case, we can consider the evidence in the Basham case? No, in the false case, you can consider that, first of all, well, two things. First, he pled guilty to substantive carjacking and the jury's verdict... He pled guilty, am I correct? He pled guilty straight up? Straight up, that's correct. So he pled to everything. There's no plea agreement to worry about. No, he pled guilty straight up and... He pled guilty straight up to eight counts. Eight counts. And one of those... I'm sorry, I didn't mean to interrupt you. At some point, I saw something in some papers, he didn't want to go on with any court proceedings. There have been at some early part of the proceedings in which he... But he ultimately pled straight up to all eight counts. That came up during one of these earlier cases. That may be, but the point is he pled guilty... False was different than Basham. Basham went to trial, false pled guilty. Basham went to trial, and all of it was before Judge Anderson. That is correct. But for purposes of determining whether or not the evidence was intertwined for the kidnapping and the carjacking, it's not just my review of the evidence. The fact remains that the jury's special verdict form found as an aggravating factor that the carjacking was committed during a kidnapping, which is further evidence that the jury found that the offenses were factually inclined. That was in the Basham case. In both cases, the jury, as an aggravating factor... The jury wasn't in the... There was no jury in the False case. There was no jury at the... Obviously, but there was a jury at the sentencing proceeding. You see, in other words, the jury had... So what happened, the jury returned a special verdict form at sentencing, and what I'm relying on is that as an aggravating factor, the juries in both the Basham case and the False case found that the carjacking offense was committed in the course of the kidnapping, which is, again, that just further evidence that the two offenses were factually intertwined. The jury made that finding. Again, the defendants have relied on Runyon, but Runyon, that's misplaced because Runyon found that both predicates were valid to support a 924C offense, so it was unnecessary for that court to conduct a harmless error review, so Runyon doesn't conflict with this court's decision in Tipton, Draven, or Said. The point is it could not have rested on kidnapping alone. That is correct. There's no chance in this case that the jury's verdicts at the death penalty could have relied on kidnapping alone. Is that because of the evidence or because the two crimes were so intertwined? Well, first of all, again, both defendants pled guilty to substantive carjacking, which shows that the jury did not necessarily found that this was a crime that the predicate was kidnapping alone. They can't meet the reasonable possibility test established in Draven, Said, and Tipton. The second thing I said, the second point we were making to buttress that was the jury's verdict at the penalty phase, which showed that the carjacking was committed in the course of the kidnapping, which, again, is just further evidence that these two offenses were intertwined. And if you look at the evidence at trial, I mean there was a video surveillance that was introduced at Basham's trial, which shows that the carjacking and the kidnapping were committed at approximately the same time. The third issue that defendants have argued is that the death sentences cannot stand if the court reverses the 924C counts. Our argument is that the death penalty sentences in this case were not based at all on the 924C counts. And the reason is that at sentencing, the district court instructed both juries that it could only impose the death penalty if it found a threshold age requirement, an intent factor, statutory aggravating factor, namely the kidnapping, non-statutory aggravating factors, and certain mitigating factors. The jury was specifically instructed that it could not find any aggravating factors on its own. The jury presumably followed that instruction, and that's confirmed by the special verdict forms that follow the instructions. There's no indication at all in those instructions that the jury based its death penalty findings against both defendants in any way on the 924C convictions at all. I mean, they're nugatory. They don't count. The defendants have argued that the sentencing package doctrine should apply here, but in our view, the sentencing package doctrine doesn't apply here because the death penalty sentences were imposed by the juries and the non-death penalty sentences were imposed by a judge. And so you don't have a package here that needs to be unlaced or unraveled because the jury's death penalty sentences stand alone. He also argues that the evidence of the firearms was improperly admitted at the sentencing proceedings, but it was relevant evidence because counts one and count two, the specific offenses, the death penalty-eligible offenses showed that Basham at least had a firearm when they kidnapped and carjacked the victim. So that was proper evidence to show how the offense was committed. And also that evidence was properly admitted to show some of the non-statutory aggravating factors that involve a crime spree that led up to the kidnapping and carjacking of Donovan. And the third thing is the defendants never disputed that they had firearms during their crime spree. You know what their offense was? Somebody else did. It wasn't me. I didn't have the specific intent to kill her. They basically conceded that they used firearms. And so there was no problem here for the death penalty sentences in this case that we would ask this court to affirm. Are there no further questions? I'll sit down. Thank you. We have no further questions. Thank you, Your Honors. Judge Agee, I'd like to respond to your question. Pages 19 and 20 of our initial brief is where we list the examples we found. I found that. Okay. I think Mr. Booth confirmed that their position was that the completed carjacking and attempted carjacking are generally charged and instructed differently, not exclusively. Thank you, Your Honor. That's his view anyway. Okay. And our response to that would be, you know, the question is what is it required to be charged as? And if the jury is not required to agree on attempt versus completed or attempt versus by actual taking, then under United States v. Mathis, that is the end of the inquiry. And it's our position that the jury is not required to agree on this as demonstrated by the examples we provided and the model jury instructions from the District of South Carolina. I'm not sure that I understand your Borden argument, because as Mr. Booth was saying, when you look at the carjacking statute, there's no element of recklessness or negligence about it. It was a specific intent statute which required intimidation or threats. And the language of the statute here doesn't, it hooks up with the elements clause, and it really doesn't permit a conviction on the basis of some lesser mens re like recklessness or negligence. And if I may respond, Judge Wilkinson, you know, clearly we disagree with the government in that analysis under Holloway, which establishes. Why do you disagree in light of the wording of the statute? Because Holloway defines intent for the carjacking statute, and Holloway only requires that the defendant have conditional intent with the use of force. So I could be guilty of hard carjacking and commit a carjacking without using intentional force or knowing force if I only have the conditional intent to use that force should it be necessary to affect the carjacking. And that makes room for recklessness. That makes room for negligence. And because Holloway defines intent, you know, it expands on the definition. It is less demanding than the plain language of the statute. You have to go through a lot of steps to get where you're going. Well, Your Honor, I don't think you do, because the Supreme Court is pretty clear on what the intent standard for Holloway is. And under Taylor, the only thing we're supposed to do. The Supreme Court's clear, and the statute is clear, and the statute matches up with what the Supreme Court in Borden wanted. Well, except the statute also Holloway says this is what intent means. And intent means conditional intent. And carjackings have been prosecuted with a conditional intent. But it's like the statute took the words right out of the force clause. And if the statute required intentional force that matched up with the force clause, then that would be true. But Holloway, you know, has told us that it doesn't. That is a less demanding standard. And so that, you know, in many senses we can't have it both ways. If it is a less demanding intent standard for carjacking, which it is, it is a conditional intent standard. But just a word of the statute. You have to know what you're doing when in order to commit a carjacking offense and in order to be convicted of carjacking, you have to know what you're up to. And you have to intend what you do. And to say that, you know, the evidence matches up with the statute because the mens re of these particular defendants in dragging these women out into the woods and raping them and killing them matches up with the kind of mens re and conduct that the carjacking statute sets forth. I mean, I just don't see how we can possibly say, oh, well, they were reckless about the whole thing. They weren't. And whether I look at the facts here or whether we look at the statute under the categorical approach, the end game is the same. They knew what they were up to. It wasn't any entrapment or negligence. They knew what they were doing. And, Judge Wilkinson, I'm in the red. May I just respond to the court's question? Sure. Okay. The court can't look at the facts when making a categorical analysis determination. And when we look at the elements of the statute, as defined by Holloway, which is the controlling law in the United States, the only requirement is conditional intent. And conditional intent makes room for the reckless or negligent use of force. All right. Thank you, sir. Thank you. I'll ask my co-panelist, Judge King, do you have any further questions? You okay? We're fine. Thank you very much. If you'd like to come up and fist bump me. Don't give me a roundhouse swing. Thank you very much.
judges: J. Harvie Wilkinson III, Robert B. King, G. Steven Agee